This is a companion case to State ex rel. Oregon-WashingtonR. Nav. Co. v. Superior Court, ante p. 651, 286 P. 33, just decided by us. In that case, relators were represented by the same counsel representing relator in this case, presenting therein every question presented by them in this case save one question to be presently noticed, and here referring to their briefs and argument in that case as their brief and argument in this case touching those questions, both cases being presented and argued together in this court.
Relator, Oregon and Washington Railroad Company, seeks, by this certiorari proceeding, review and reversal *Page 662 
of an adjudication of public use and necessity rendered by the superior court for Grays Harbor county awarding to the Grays Harbor Pacific Railway Company, a toll logging railroad corporation, the right to acquire, by eminent domain proceedings in that court, a right-of-way for its projected public service toll logging railroad, for a distance of some 2,400 feet, across land the legal title of which is in relator.
The only contention here made in behalf of relator calling for our present discussion is that the land sought by the Grays Harbor Pacific Railway Company is not subject to condemnation by that company because the land is a part of a water power plant being constructed and developed, and that company is only a toll logging railroad corporation under Rem. Comp. Stat., §§ 8395-8398, which gives to such companies the power of eminent domain, with the limitation found in § 8398, reading as follows:
"Nothing in this chapter shall be construed to authorize the taking or damaging of any power plant constructed or being constructed for the creation or utilization of water power."
At the time of the commencement of this eminent domain proceeding in the superior court, the Western Washington Electric Light Power Company was engaged in the development and construction of a water power plant by the utilization of the flow of the waters of North river. Its development plan called for a dam in the river, some distance below the right-of-way which the Grays Harbor Pacific Railway Company seeks to acquire, and thereby the raising of the water, making a storage reservoir behind the dam so that portions of the sought right-of-way will be overflowed, but not to a height above seventeen feet below the toll logging railroad track, as intended to be constructed by the Grays Harbor Pacific Railway Company. *Page 663 
It is the intention of that company to construct its track on open trestles wherever it will be over the overflowed portion of the right-of-way it seeks to acquire, and thus not interfere with the free flow of the water in the power company's reservoir.
The evidence renders it plain that the power company does not intend to use any portion of the land of the sought right-of-way other than by overflowing it with the water as its reservoir. The right of the power company to overflow certain of the lands above its dam site, including the land of the right-of-way which the Grays Harbor Pacific Railway Company seeks, was acquired by the power company by an easement grant from the relator. The legal title to the land was not granted by the relator. The easement grant was for the sole purpose of enjoyment by the power company incident to the operation of its power plant, and restricted the height of the water overflow to seven feet below an existing railroad track which crosses the reservoir site; which restricted height is some seventeen feet below the grade of the track of the Grays Harbor Pacific Railway Company intended to be constructed on the right-of-way it seeks.
The power company was not made a party defendant to the eminent domain proceeding, evidently because the Grays Harbor Pacific Railway Company considered that the power company would suffer no damage by the Grays Harbor Pacific Railway Company's acquiring the right-of-way and constructing thereon its proposed toll logging railroad. We note in this connection that officers of the power company testified, in substance, that they did not regard that its water power project would be at all damaged by the Grays Harbor Pacific Railway Company's acquiring the right-of-way it seeks, and constructing thereon its toll logging railroad in the manner intended by it. *Page 664 
 [1] Counsel for relator relies solely upon the literal reading of the language of § 8398 of the toll logging railroad law, that "Nothing in this chapter shall be construed to authorize the taking or damaging of any power plant constructed or being constructed for the creation or utilization of water power;" and argue that this reservoir overflow easement is a part of the plant of the power company and as such is therefore not subject to condemnation for a toll logging railroad right-of-way. It seems to us that, under the circumstances here appearing, we should not hold this easement right of the power company to be a part of its plant, in the sense that the possible damage resulting to it by the sought right-of-way and construction of a toll logging railroad thereon will amount to a taking of a part of the plant within the meaning of this statutory eminent domain restriction.
We have seen that the legal title to the land of the proposed right-of-way sought by the Grays Harbor Pacific Railway Company remains in relator, and that it is only the easement right that was granted to the power company whose intention is to use it only for overflow reservoir purposes. So, in so far as the taking of any property by this exercise of eminent domain by the Grays Harbor Pacific Railway Company is concerned, it amounts only to the taking of relator's property; and that, in so far as we are here concerned with the impairment of any rights of the power company, there is nothing but the question of possible damage to those rights; and there is no showing here that there will be any such damage. Indeed, what little evidence there is in this record touching the question of such damage is to the effect that the power company will not suffer any such damage. It seems to us that relator is not in a position to complain of the possible suffering of damage by the power company. *Page 665 
Relator will be fully compensated for the taking of the right-of-way from its land.
The adjudication of public use and necessity rendered by the superior court favorable to the Grays Harbor Pacific Railway Company is affirmed.
MITCHELL, C.J., TOLMAN, BEALS, and MILLARD, JJ., concur.